UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LINDA HOWLAND,

                     Plaintiff,                    DECISION AND ORDER

-vs-                                                      19-CV-6811 (CJS)

MICHAEL KELLY and HOLLIS CREEK,

                     Defendants.
_____

## INTRODUCTION

This action arises out of a real estate transaction involving a property owned by Plaintiff Linda Howland ("Ms. Howland"). Ms. Howland was represented in the transaction by Defendant Michael Kelly ("Mr. Kelly"), an attorney, and the transaction was facilitated by Defendant Hollis Creek ("Ms. Creek"), a real estate professional. Ms. Howland alleges that Mr. Kelly and Ms. Creek harmed her in a multitude of ways, including fraud and sundry violations of New York and federal law. Compl., Nov. 4, 2019, ECF No. 1. The matter is presently before the Court on Defendants' respective motions to dismiss. (ECF No. 10, ECF No. 12.)

Because Plaintiff proceeds *pro se*, the Court liberally construes her pleadings, and interprets her complaint to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Nevertheless, for the reasons stated below, the Court finds that this action must be dismissed for lack of subject matter jurisdiction.

BACKGROUND[1]

All occurrences alleged by Ms. Howland in this action appear to have taken place at some point in 2015. Compl. at 3–4. At that time, Mr. Kelly represented Ms. Howland in her divorce proceedings from her husband, in the sale of the marital residence ("Fieldcrest Drive"), and in the purchase of Ms. Howland's new home ("Holt Road"). Compl. at 4. Ms. Creek was engaged to help sell Fieldcrest Drive. Compl. at 3–4. The "theoretical" sale price of Fieldcrest Drive is alleged to have been $285,000. Resp. to Creek Mot. to Dismiss ("Resp. to Creek") at 1, Feb. 19, 2020, ECF No. 20.

Ms. Howland's allegations against Ms. Creek are that she: failed to disclose the relationship of Amanda Kellogg[2] as partner in sale of Fieldcrest Drive; failed to disclose the commissions that resulted from the sale of Fieldcrest Drive; failed to provide records of open houses held at Fieldcrest Drive; failed to provide copies of purchase offers (including the accepted purchase offer with signatures) from the parties involved in the sale of Fieldcrest Drive; and failed to provide mortgage commitment documentation from SirVa, the apparent mortgagee. Resp. to Kelly Mot. to Dismiss ("Resp. to Kelly") at 2, Jan. 29, 2020, ECF No. 16. Ms. Howland suggests that these failures were intentional acts to further a scheme by which Defendants, among others, faked the sale of Fieldcrest Drive and "flipped the property." *Id.*

---

[1] The allegations below are culled from all of Ms. Howland's pleadings, including her papers submitted in opposition to Defendants' motions to dismiss. *See, e.g., Amaker v. Schiraldi*, No. 15CV4879CBAVMS, 2017 WL 4402443, at *6 (E.D.N.Y. Sept. 29, 2017) (citing *Le Grand v. Evan*, 702 F.2d 415, 416 n.3 (2d Cir. 1983)).

[2] Confusingly, Ms. Howland fails to specify who Ms. Kellogg is, whether Ms. Kellogg is also part of the "flip scheme," and specifically how the failure to disclose Ms. Kellogg's involvement was a violation of state or federal law.

Additionally, Ms. Howland alleges that Mr. Kelly violated the law in the following ways:

1. Non-disclosure of funds from settlement of divorce which included the transactions associated with the divorce settlement agreement, the sale of the marital residence at 1541 Fieldcrest Drive and the purchase of 402 Holt Road

2. Conflict of Interest in representation of sale of 1541 Fieldcrest Drive, Purchase of 402 Holt Road property and representation as divorce attorney

3. Fraudulent charges in closing documents which included tax payments I did not owe (NYS sales transfer taxes) in addition to charges not related to mortgage closing he included in what documentation he did provide. [sic]

4. No preparation or presentation of deeds affiliated with filing of mortgages and settlement of mortgage transactions

5. Violations of Truth in Lending laws for non-disclosure of costs associated with closing and attorney handling of client escrow funds

6. Failure to provide in closing and settlement documentation satisfaction of paid mortgages held on the property and Fieldcrest Drive and Crystal Brook Estates Subdivision

7. Failure to provide settlement documentation of divorce which included funds from sale of property at 1541 Fieldcrest Drive.

Resp. to Kelly at 2. This conduct, too, is alleged to be part of the "flip scheme." Compl. at 4. Ultimately, Ms. Howland alleges this flip scheme caused her financial loss of $320,000. Resp. to Creek at 2.

In their respective motions, Defendants argue for dismissal on four bases: (1) lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure; (2) failure to state a claim under Rule 12(b)(6); (3) Ms. Howland's failure to file the complaint within the time allowed by the statute of limitations; and (4) Ms. Howland's failure to respond directly to the legal arguments in Defendants' motions. Since the

Court agrees with Defendants' first argument, it need not consider the latter three.

DISCUSSION

"A motion questioning the Court's subject matter jurisdiction must be considered before other challenges since the Court must have jurisdiction before it can properly determine the merits of a claim." *Przespo v. United States Post Office*, 177 F. Supp. 3d 793, 795 (W.D.N.Y. 2016) (quoting *Djordjevic v. Postmaster Gen., U.S. Postal Serv.*, 911 F. Supp. 72, 74 (E.D.N.Y.1995)). "Where jurisdiction is lacking, moreover, dismissal is mandatory." *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed.R.Civ.P. 12(h)(3). Accordingly, the Court conducts an initial review to determine whether it has jurisdiction over the claims raised in Ms. Howland's complaint.

A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed.R.Civ.P. 12(b)(1); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Two common statutory grounds for subject matter jurisdiction are 28 U.S.C. § 1331 and § 1332. § 1331 provides that district courts shall have original jurisdiction of all civil actions presenting a federal question; i.e., "arising under the Constitution, laws, or treaties of the United States." § 1332 provides "that district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and there is diversity of citizenship. Ms. Howland has failed to meet her burden of showing subject matter jurisdiction under either of these statutes. *See Makarova*, 201 F.3d at 113 ("A plaintiff asserting subject matter jurisdiction has the

4

burden of proving by a preponderance of the evidence that it exists.") (citation omitted).

First, although Ms. Howland's complaint alleges that the basis for jurisdiction in federal court is "Damages in excess of $75,000," there is no diversity of citizenship between the parties. Compl. at 1; *see also* Resp. to Creek at 3 (alleging a financial loss of $320,000). Ms. Howland lists her address as Holt Road in Webster, New York. Compl. at 2. She lists Mr. Kelly's address as Long Pond Road in Rochester, New York, and Ms. Creek's address as Monroe Avenue in Rochester, New York. *Id.* In short, the complaint makes clear that there is no diversity of citizenship because all parties are located in New York state. 28 U.S.C. § 1332(a)(1) (requiring the parties to be "citizens of different States" to establish diversity of citizenship). Hence, there is no statutory basis for subject matter jurisdiction under 28 U.S.C. § 1332.

Second, nothing in the complaint plausibly suggests that Ms. Howland's factual allegations, if true, would adequately raise a federal question. Although a plaintiff may satisfy her burden to establish subject matter jurisdiction with legally sufficient allegations, "the Court is not bound by conclusory assertions of fact or law." *Orkin v. Swiss Confederation*, 770 F. Supp. 2d 612, 615–16 (S.D.N.Y.), *aff'd*, 444 F. App'x 469 (2d Cir. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). As the basis for the two stated claims in her complaint, Ms. Howland seems to be referencing the federal Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") by listing "Tila-Respa" amidst a litany of other laws that she alleges to have been violated. Compl. at 4; *see also* Resp. to Kelly at 1–3 (alleging that Mr. Kelly and Ms. Creek violated "Truth in Lending Laws"). However, Ms. Howland fails to allege specific facts to

5

establish a TILA or RESPA claim; she makes only conclusory allegations.  Therefore, the Court finds that there is no statutory basis for subject matter jurisdiction under 28 U.S.C. § 1331, either.

## CONCLUSION

For the reasons stated above, it is hereby

ORDERED that the Defendants' respective motions to dismiss for lack of subject-matter jurisdiction (ECF No. 10 and 12) are granted.

The Court declines to exercise supplemental jurisdiction on Plaintiff's state law claims.  Thus, it is also

ORDERED that Plaintiff's state law claims are dismissed without prejudice.  The Clerk of the Court is directed to terminate this action.

IT IS SO ORDERED.

Dated:  March 16, 2020
         Rochester, New York

*/s/ Charles J. Siragusa*
CHARLES J. SIRAGUSA
United States District Judge